### BEALER v HAAK & KOLP BROTHERS

Ohio Appeals, 5th Dist, Stark Co

Decided Feb 11, 1932

Seeman & Seeman, Canton, for plaintiff in error.

M. H. Conrad, Sparta, for defendant in error.

SHERICK, PJ.

This court, in the case of Weber v Eppstein, 31 OLR, 251, 34 **Oh Ap, 10,** has previously considered and determined that an action may be appealed from the Municipal Court of the city of Canton to the Court of Common Pleas. In this case it was further recognized that:

"The Canton Municipal Court act provides that the procedure of the Justice of the Peace Court should apply to the Canton Municipal Court, unless otherwise specified."

Sec 1579-668 GC, provides that the Municipal Court shall have jurisdiction in all actions and proceedings of which justices of the peace have or may be given jurisdiction, and it is further provided in §1579-672, GC:

"In the actions and proceedings of which the Municipal Court has jurisdiction, all laws conferring jurisdiction upon the Court of Common Pleas, police courts, or justices of the peace or mayors, giving such courts or officers power, to hear and determine such causes, prescribing the force and effect of their judgments, orders or decrees, and authorizing and directing the execution or enforcement thereof and their modes of procedure, shall be held to extend to the Municipal Court, unless inconsistent with this act or plainly inapplicable."

From the previous finding of this court and the statutes indicated the defendant in error urges the proposition that the matter of appellate procedure as to the question presented must be governed by §10383, GC, wherein it is provided that the justice of the peace must approve of his appeal bond. From this it is argued, in view of the fact that only a justice may approve of such a bond in that court, that it must follow that only the municipal judge, trying the action, may approve of the appeal bond required by him to be given.

We direct attention to §1579-692, GC, which provides, in part, that:

"The clerk of the Municipal Court * * * shall have power to approve of bonds, recognizances and undertakings required or authorized by any Judge of the Court or by law * * *."

From this section it may be seen that the Legislature imposed, among other duties, the duty of approving bonds. We recognize that it is said in the Eppstein case that the act creating the Municipal Court makes no provision for appellate procedure from that court to the Court of Common Pleas. However, we do believe that §1579-692, GC, does provide that the clerk may approve bonds.

The precise question now presented was not before this court in the Eppstein case and we must concede that we believe it to have been the intention of the Legislature that clerks of the Municipal Court were created for the purpose of relieving the judges thereof of certain duties, such as in the approval of bonds. We further recognize that a justice of the peace has no clerk, and that he is the only one who may possibly approve of an appeal bond from that court, and we do hold that this section of the statute, when read in conjunction with §1579-672, GC, covers the point now in dispute. From the last named section it is plainly ascertainable that the rules of procedure in the manner of appeal must follow the procedure in such appeals from the court of the Justice of the Peace, unless otherwise specified, and we believe that it is otherwise specified in §1579-692 GC.

It is therefore the judgment of this court, that the appeal bond, as approved by the clerk of the Municipal Court, was properly approved, and that the motion as filed in the Court of Common Pleas to dismiss the appeal was improperly sustained, and it must follow that the judgment will be reversed and the cause remanded to the Court of Common Pleas for trial.

Exceptions noted.

LEMERT and MONTGOMERY, JJ, concur.